UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SEDRINE KENYA N. CATERSON,

        Plaintiff,

v.

TRAVEL RESOURCE VACATION CLUB
"INC", LAWRENCE V. GIBBONS, JR.,

        Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, SEDRINE KENYA N. CATERSON, brings this action against Defendants, TRAVEL RESOURCE VACATION CLUB "INC" and LAWRENCE V. GIBBONS, JR., pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff SEDRINE KENYA N. CATERSON was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate telephone communication with customers throughout U.S. and Canada.

4. At all times material hereto, Defendant, TRAVEL RESOURCE VACATION CLUB "INC", was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of selling vacations and travel, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with

its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendant, LAWRENCE V. GIBBONS, JR., is a resident of Broward County, Florida and was, and now is, a manager of Defendant, TRAVEL RESOURCE VACATION CLUB "INC", controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of TRAVEL RESOURCE VACATION CLUB "INC". Accordingly, LAWRENCE V. GIBBONS, JR. was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6. Two or more of Defendants' employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

7. Plaintiff SEDRINE KENYA N. CATERSON worked for Defendants as a sales representative.

8. Defendants failed to pay Plaintiff's full and proper minimum wages for certain hours worked during Plaintiff's employment.

9. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

10. Defendants knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

11. Plaintiff complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

12. Plaintiff retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

13. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-12 above as if set forth herein in full.

14. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

15. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791