UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62803-CIV-WILLIAMS/VALLE

SEDRINE KENYA N. CATERSON,

    Plaintiff,

v.

TRAVEL RESOURCE VACATION CLUB
"INC.", and LAWRENCE V. GIBBONS, JR.,

    Defendants.

_____

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff Sedrine Kenya N. Caterson's Verified Motion for Default Judgment (the "Motion"). (ECF No. 19). United States District Judge Kathleen Williams has referred the Motion to the undersigned for a Report and Recommendation. *See* (ECF No. 20); *see also* 28 U.S.C. § 636. Accordingly, having reviewed the Motion, the record in the case, and being otherwise fully advised, the undersigned respectfully recommends that the Motion be **GRANTED**.

### I.  BACKGROUND

On November 9, 2019, Plaintiff filed a Complaint against Defendants Travel Resource Vacation Club "Inc." ("Travel Resource") and Lawrence Gibbons, Jr. ("Gibbons") (jointly, "Defendants"), seeking to recover unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA"). *See generally* (ECF No. 1).

On December 26, 2019, Plaintiff properly served the Summons and Complaint on Gibbons personally and also as the Registered Agent for Defendant Travel Resource. (ECF Nos. 8, 9) (Return of Service as to each Defendant). Defendants nonetheless failed to timely answer or

otherwise respond to the Complaint. Accordingly, on March 13, 2020, a Clerk's Default was entered against Defendants. (ECF No. 11). The instant Motion followed, seeking default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 19). To date, Defendants have not defended against the litigation or responded to the Motion.

## II. LEGAL STANDARDS

### A. Default Judgment

Federal Rule of Civil Procedure 55 authorizes a court to enter a final judgment of default against a defendant that has failed to answer a properly served complaint. Fed. R. Civ. P. 55(b). More specifically, Rule 55(b) sets forth a two-step process for obtaining a default judgment against a defendant. Fed. R. Civ. P. 55; *Abreu v. Free Flow Constr., Inc.*, No. 18-20244-CIV, 2018 WL 6492902, at *1 (S.D. Fla. Oct. 11, 2018), *report and recommendation adopted*, No. 18-20244-CIV, 2018 WL 6492904 (S.D. Fla. Oct. 30, 2018). First, the Clerk of Court may enter a Clerk's Default when a defendant fails to plead or otherwise defend a lawsuit. *See* Fed. R. Civ. P. 55(a). Thereafter, the court may enter a final default judgment against the defendant. *See* Fed. R. Civ. P. 55(b).

A defendant who defaults "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[1] A defaulting defendant, however, does not admit any facts that are pleaded insufficiently or that are mere conclusions of law. *Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256, 1259 (S.D. Fla.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

2

2019) (citing *Nishimatsu*, 515 F.2d at 1206); *Transamerica Corp. v. Moniker Online Servs., LLC*, No. 09-60973, 2010 WL 1416979, at *1 (S.D. Fla. Apr. 7, 2010).

Accordingly, because a defendant admits only those facts that are well pled, the default itself does not create the basis for a court's entry of final default judgment. *Nishimatsu*, 515 F.2d at 1206. Rather, a court must determine whether the factual allegations are well pled and present a sufficient basis for the judgment. *Id.* Thus, a motion for default judgment "is not granted as a matter of right." *Anda, Inc. v. Gramatan Pharmacy, Corp.*, No. 18-CV-62704, 2019 WL 5209318, at *1 (S.D. Fla. July 16, 2019) (quoting *Patray v. Nw. Pub., Inc.*, 931 F. Supp. 865, 868 (S.D. Ga. 1996)).

### B. Fair Labor Standards Act

To state a claim for failure to pay minimum wage under the FLSA, a plaintiff must demonstrate that: (i) he is employed by the defendant; (ii) the defendant engaged in interstate commerce; and (iii) the defendant failed to pay minimum wages. *Freeman v. Key Largo Volunteer Fire & Rescue Dep't., Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012). But "an employee must first demonstrate that he is 'covered' by the FLSA." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011).

To establish FLSA coverage, an employee must show "that the jurisdictional prerequisite of 'interstate commerce' exists in a given case." *Dimingo v. Midnight Express, Inc.*, No. 17-23010-Civ-Scola, 2018 WL 770478, at *2 (S.D. Fla. Jan. 16, 2018) (citing *Josendis*, 662 F.3d at 1298). Thus, Plaintiff must allege that either: (i) the Defendant is an enterprise engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage); or (ii) that Plaintiff was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage). *Id.*; *see also* 29 U.S.C. § 207(a)(1).

*1. Enterprise Coverage under the FLSA*

To establish "enterprise coverage," an employee must show that the employer has: (i) two or more employees regularly engaged in interstate commerce or in the production of goods for interstate commerce, or who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; *and* (ii) gross volume sales or business of at least $500,000 annually. *Id.* (citing *Scott v. K.W. Max Investments, Inc.*, 256 F. App'x 244, 248 (11th Cir. 2007)); *see also* 29 U.S.C. § 203(s)(1)(A) (defining enterprise coverage under the FLSA).

*2. Individual Coverage under the FLSA*

Alternatively, an employee who personally "regularly and 'directly participates in the actual movement of persons or things in interstate commerce'" may claim "individual coverage." *Josendis,* 662 F.3d at 1298. For example, individual coverage is sufficiently plead when the complaint connects a plaintiff's job duties to the use of the interstate mails. *Jaramillo v. Moaz, Inc.*, No. 20-20106-CIV, 2020 WL 5752263, at *2 (S.D. Fla. Aug. 19, 2020), *report and recommendation adopted sub nom. Jaramillo v. Maoz, Inc.*, No. 20-20106-CIV, 2020 WL 5750098 (S.D. Fla. Sept. 25, 2020); *see also Gonzalez v. San Sebastian Custom Woodwork Corp.*, No. 12-21804, 2012 WL 13170881, at *3 (S.D. Fla. Dec. 31, 2012) (finding individual coverage was adequately pled where complaint alleged that plaintiff used materials and goods that had moved through interstate commerce prior to and/or subsequent to plaintiffs' use of the same).

*3. Individual Employer Liability*

Under the FLSA, a plaintiff may also seek to establish individual liability of a corporate officer as an employer, jointly and severally liable with the corporation for unpaid wages, by showing that the corporate officer had "operational control of a corporation's covered enterprise."

*Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013) (citation and quotation omitted). The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Thus, a corporate officer is personally liable as an FLSA employer if he has "operational control of a corporation's covered enterprise," which may include involvement in the day-to-day operation of the company or direct supervision of the employee at issue. *Patel v. Wargo,* 803 F.2d 632, 637-38 (11th Cir.1986). Conversely, corporate officers or majority shareholders who play no active role in on-going business operations are not considered employers under the FLSA. *See Alvarez-Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1161 (11th Cir. 2008); *Patel,* 803 F.2d at 638.

In determining whether a corporate officer should be individually liable for wage violations, courts often look at the economic reality of the relationship between the parties. This includes consideration of whether the defendant: (i) had the power to hire and fire the employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment; and (iv) maintained employment records. *E.g.*, *Mendoza v. Disc. C.V. Joint Rack & Pinion Rebuilding, Inc.*, 101 F. Supp. 3d 1282, 1290 (S.D. Fla. 2015) (citations omitted). Importantly, no single factor is dispositive; instead, the analysis focuses on the totality of the circumstances. *Id.* Thus, the FLSA defines the employment relationship "expansively" and with "striking breadth." *See Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992).

Against this legal backdrop and having reviewed the Complaint and the record in the case, the Court finds that the well-pleaded allegations of the Complaint, taken as true by virtue of the default, combined with Plaintiff's Statement of Claim (ECF No. 5), sufficiently state a cause of action for the reasons discussed below.

### III.     DISCUSSION

#### A.     Enterprise Coverage as to Defendant Travel Resource

As discussed above, "enterprise coverage" is established when the Complaint alleges that the employer has: (i) two or more employees regularly engaged in interstate commerce or in the production of goods for interstate commerce, or who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; *and* (ii) gross volume sales or business of at least $500,000 annually. *Dimingo*, 2018 WL 770478, at *2. Alleging enterprise liability is not onerous; rather, it requires that a plaintiff identify his work and "provide only straightforward allegations connecting that work to interstate commerce," and at least "bare bones" allegations that gross sales exceed $500,000." *Brown v. Everest Moving & Storage, Inc.*, No. 12-62530-CIV, 2013 WL 12126001, at *2 (S.D. Fla. Aug. 20, 2013) (citation omitted).

Here, the Complaint alleges that Plaintiff was employed by Defendants as a sales representative from September 9, 2019 through September 16, 2019, and that Travel Resource failed to pay her minimum wage in the amount of $342.63, plus liquidated damages. (ECF No. 1 ¶¶ 7-10, 14; 1-3); *see also* (ECF Nos. 5, 5-1 and 19-1 ¶¶ 3, 5). The Complaint further alleges that Travel Resource, Plaintiff's employer, "engaged . . . in interstate commerce" "in the field of selling vacations and travel." *Id*. ¶ 4. Moreover, the Complaint states that "[t]wo or more of Defendants' employees handled tools, supplies, and equipment manufactured outside Florida in furtherance of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper." *Id.* ¶ 6. Lastly, the Complaint alleges that Travel Resource has annual gross sales and/or business volume of $500,000 or more. *Id.* ¶ 4.

6

At this stage of the litigation, these allegations are sufficient to plead both prongs of enterprise liability. *See, e.g., Ceant v. Aventura Limo. & Transp. Serv., Inc.,* 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) ("Plainly, [plaintiff] need not know for certain, nor prove, that [defendant] has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in [d]efendants' hands, not his."); *see also Chambers v. Bank of Am. Merch. Servs., LLC*, No. 18-61464-CIV, 2018 WL 7371879, at *2 (S.D. Fla. Sept. 25, 2018) (holding that plaintiff's allegation that defendant "had two (2) or more employees handling or otherwise working with telephones, computers and other office supplies and materials that had been moved in commerce, which were used directly in furtherance of Defendant's commercial activity of running a bank," was "adequate at the pleading stage" to establish enterprise coverage) (citing *Sims v. UNATION, LLC*, 292 F. Supp. 3d 1286 at 1293 (M.D. Fla. 2018) (holding plaintiff sufficiently stated claim for enterprise coverage where complaint alleged that defendant's employees used tools and equipment, including computers, pens, and paper, that were moved in or produced for commerce)); *Pierre v. Venus Satellite, Inc.*, No. 3:12-CV-343-J-34JBT, 2014 WL 103212, at *7-9 (M.D. Fla. Jan. 9, 2014) (holding that enterprise coverage sufficiently pled where complaint alleged that defendant had "employees handling, selling, or otherwise working on goods or materials such as cable and telecommunication system receivers, wiring, tools, telephones, computers, pens, paper, office furniture, trucks and other equipment that previously moved in or had been produced for commerce.").[2]

---

[2] Because Plaintiff sufficiently plead enterprise coverage, the undersigned need not address whether individual coverage has been sufficiently alleged.

### B. Individual Employer Liability as to Gibbons

As to Gibbons, the Complaint alleges that Gibbons is individually liable as an employer. More specifically, the Complaint alleges that Gibbons "was, and now is, a manager of Defendant [Travel Resource]." (ECF No. 1 ¶ 5). The Complaint further alleges that Gibbons "controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of [Travel Resource]." *Id.* At this stage of the proceedings, and in light of the FLSA's expansive definition of "employer," the undersigned finds the Complaint sufficiently alleges that Gibbons is an "employer" within the meaning of 29 U.S.C. §203(d). *See Molina v. SMI Sec. Mgmt., Inc.*, No. 11-24245-CIV, 2013 WL 12092072, at *3 (S.D. Fla. July 15, 2013) (noting that the FLSA is a "remedial statute, [which] is construed broadly to effectuate its 'humanitarian and remedial' purpose.") (citing A.H. Phillips, Inc. v. Walling, 324 U.S. 490, 493 (1945); Reich v. Circle C. Invs., Inc., 998 F 2d 324, 329 (5th Cir. 1993) (holding that the term "employer" under the FLSA "must be liberally construed to effectuate Congress' remedial intent.")); *see also Patel*, 803 F.2d at 638 ("To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.").

### C. Damages

When entering a default judgment on liability, a court must also determine the amount of damages. *Brown*, 2013 WL 12126001, at *2 (citing Fed. R. Civ. P. 55(b)). However, a court need not conduct an evidentiary hearing to determine the amount of damages when the record contains evidence allowing the court to ascertain damages. *Id.* Such evidence can include "mathematical calculations" and "detailed affidavits." *Id*. (citing *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985)). "Affidavits based on personal knowledge can be sufficient to establish damages." *Id.* (citing *Salam Jeans Ltd. v. Fortune Swimwear, LLC*,

No. 07-21603, 2010 WL 1331226, at *2 (S.D. Fla. Mar. 3, 2010) (citation omitted)). Indeed, in the context of an FLSA default judgment, affidavits may be the only means of establishing a plaintiff's damages because the defendant employer has not come forward with time records or other evidence of its own. *Id.* (citing *Niebuhr v. K.F.A. Enterprises, Inc.*, No. 09-22840, 2010 WL 5439762, at *4-5 (S.D. Fla. Dec. 28, 2010); *Olson v. Superior Pontiac-GMC, Inc.*, 776 F.2d 265, 266 (11th Cir. 1985) (noting employer's burden to produce time records after employee has established she has not been paid the required wages)).

Here, Plaintiff has provided an Affidavit attesting that she was employed by Defendants from September 9, 2019, through September 16, 2019, and worked approximately 40.5 hours. (ECF No. 19-1 ¶¶ 3-5). According to the Affidavit, Plaintiff is owed $8.46 per hour for 40.5 hours, for a total of $342.63 in unpaid wages and an equal amount in liquidated damages. *Id.* at ¶ 5. Thus, the Affidavit sets forth sufficient information to allow the Court to calculate actual unpaid wages of $342.63 (40.5 hours worked multiplied by $8.46 per hour). Additionally, since Defendant has not answered or otherwise responded to the Complaint, Defendant has not shown that liquidated damages are inappropriate. *See* 29 U.S.C. § 260. Accordingly, Plaintiff should be awarded $342.63 in liquidated damages. Thus, the undersigned recommends that Plaintiff be awarded a total of $685.26 in wages and liquidated damages.

### D. Entitlement to Attorney's Fees and Costs

The FLSA provides for the award of reasonable attorney's fees and costs to a prevailing Plaintiff. 29 U.S.C. § 216(b). This includes parties who prevail on default judgment against a defendant employer. *Simon v. Leaderscape LLC*, 565 F. Supp. 2d 1332, 1334 (S.D. Fla. 2008). Accordingly, as the prevailing party, Plaintiff is entitled to recover its reasonable attorney's fees and costs in this case.

Here, Plaintiff requests that the Court retain jurisdiction to determine the amount of fees and costs to which Plaintiff is entitled. (ECF Nos. 19 at 2-3; 19-3 ¶ 4). It is common for courts to bifurcate the issue of entitlement to fees from the determination of the reasonableness of the fees requested. *See, e.g.*, *Zambrano v. Indian Creek Holdings, LLC*, No. 09-20453-CIV-HUCK, 2009 WL 4546634, at *2 (S.D. Fla. Nov. 30, 2009). Thus, the undersigned recommends that the Court retain jurisdiction to determine the amount of attorney's fees and costs.[3]

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Entry of Final Default Judgment Against Defendant (ECF No. 19) be **GRANTED**. Thus, the undersigned recommends that the Court:

(i) enter a final default judgment against Defendant; and

(ii) retain jurisdiction to adjudicate Plaintiff's motion for its attorney's fees and costs.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions

---

[3] Plaintiff's proposed Order requests that the Court retain jurisdiction over any "motion for attorney's fees or costs" and "any post-judgment matter that may be raised pursuant to the Federal Rules of Civil Procedure, and any motions that raise issues collateral to the Final Default Judgment." (ECF No. 19-3). This language is overbroad. However, the underlying Motion makes clear that Plaintiff's request for retention of jurisdiction is limited to attorney's fees, including for the time that may be spent by counsel collecting on the final default judgment. (ECF No. 19 at 2-3); *see also DiFrancesco v. Home Furniture Liquidators, Inc.*, 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009) (granting post-judgment collection fees in FLSA case); *Romero v. Pool & Cool, Corp.*, No. 11-22592-CIV, 2012 WL 13129836, at *1 (S.D. Fla. Jan. 20, 2012) (retaining jurisdiction over appropriate attorney's fee motion after entry of default judgment).

contained in this Report and Recommendation. *See* 11th Cir. R. 3-1 (2020); *Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on January 13, 2021.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Kathleen Williams
     All Counsel of Record